UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | No. C 11-06162 JSW (LB) |
| Plaintiffs,<br>v. | **REPORT & RECOMMENDATION TO SET ASIDE ENTRY OF DEFAULT** |
| ADAM LOWRY, *et al.*, | [ECF Nos. 17 & 19] |
| Defendants. | |

## I. INTRODUCTION

In this case, *pro se* Defendants Adam and Margaret Lowry, individually and doing business as Tatami Multi Arts[1] (together, "Defendants") failed to timely answer or respond to the complaint filed by Plaintiff Joe Hand Promotions, Inc. ("Joe Hand"). Defendants' default was entered. Entry of Default, ECF No. 15.[2] Upon service of Joe Hand's motion for default judgment, Defendants moved to set aside the entry of default and filed an opposition to Joe Hand's motion. *See* ECF Nos. 17, 19-20. Defendants' failure to timely answer or respond to the complaint apparently was the result of their erroneous belief that they could defend themselves by personally appearing in court,

---

[1] Plaintiff's complaint names Defendants' business "Tatami Martial Arts." Defendants indicate that Plaintiff complaint is in error and the caption provides the correct name. *See* Defs.' Mot. ECF No. 19 at 1.

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-06162 JSW (LB)
REPORT & RECOMMENDATION

rather than filing a responsive pleading. *See* Lowry Decl., ECF No. 19, ¶ 4. Pursuant to Civil Local Rule 7-1(b), the court finds that these matters are suitable for determination without oral argument. For the reasons set forth below, the court RECOMMENDS that the District Court GRANT Defendants' motion to set aside their default and, conversely, DENY Joe Hand's motion for default judgment.

## II.  BACKGROUND

Joe Hand is a commercial closed-circuit distributor and licensor of sports programs. *See* Complaint, ECF No. 1, ¶¶ 10-12. It purchased the exclusive nationwide commercial distribution (closed-circuit) rights to distribute a mixed-martial arts telecast, "Ultimate Fighting Championship 124: Georges St. Pierre v. Josh Koscheck," telecast nationwide on December 11, 2010, including all under-card bouts and fight commentary encompassed in the television broadcast of the event (the "Program"). *Id*. ¶ 10. Joe Hand then entered into sublicensing agreements with various commercial entities in North America allowing them to publicly exhibit the Program to their patrons. *Id*. ¶ 11. Joe Hand alleges that it has expended substantial monies to transmit the Program to commercial entities, including entities in California. *Id*. ¶¶ 11-12.

Joe Hand further alleges that on December 11, 2010, Defendants showed the Program at their commercial establishment in El Cerrito, California without first obtaining a license for the Program; instead, Defendants unlawfully intercepted, received, published, divulged, displayed, and/or exhibited the Program. *Id*. ¶ 13. Joe Hand alleges that Defendants did so with full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by entities unauthorized to do so, and that their actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. *Id*. ¶¶ 13-14.

In support of these allegations, Joe Hand has submitted an affidavit from a private investigator, Jeff Kaplan, who observed the Program at Tatami Multi Arts[3] on December 11, 2010. Kaplan Aff., ECF No. 17-3 at 2. Mr. Kaplan observed one 42-inch LG flat screen showing the Program. *Id*. At

---

[3] Mr. Kaplan refers to Defendants' business as "Tatami Martial Arts." Kaplan Aff., ECF No. 17-3 at 2.

the time he entered the establishment, Mr. Kaplan observed the Program's undercard bout between Mark Bocek and Dustin Hazelett on the television. *Id*. During the six minutes he was present, Mr. Kaplan took three headcounts of between 24 and 26 individuals and he estimates that the establishment has a capacity for 65 or more individuals. *Id*. at 2-3. Mr. Kaplan did not pay a cover charge to enter. *Id*. at 2.

On December 8, 2011, Joe Hand filed a complaint in this Court based on the above allegations and asserting the following four claims: (1) violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, *et seq*.; (2) violation of the Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, *et seq*.; (3) conversion under California state law; and (4) violation of California Business & Professions Code section 17200, *et seq*. *See* Compl., ECF No. 1, ¶¶ 9-37. The Summons and Complaint were served on Defendants on January 25, 2012. *See* Proof of Service, ECF No. 5 (Margaret Lowry); Proof of Service, ECF No. 6 (Adam Lowry); *see also*, Defs.' Mot., ECF No. 19 at 2.

Defendants failed to file a responsive pleading or otherwise appear and the Clerk of the Court entered default pursuant to Federal Rule of Civil Procedure 55(a) on March 23, 2012. Entry of Default, ECF No. 15. Also on March 23, 2012, Joe Hand filed a Case Management Statement. *See* ECF No. 14. On March 26, 2012, the District Court continued the Case Management Conference that was set for March 30, 2012 until May 18, 2012. *See* 3/7/2012 Order, ECF No. 11; 3/26/2012 Order, ECF No. 16.

On March 27, 2012, Joe Hand filed a motion for default judgment, seeking an award of statutory and enhanced damages in the amount of $110,000.00 plus $1,100.00 in damages for the tort of conversion. Riley Decl., ECF No. 17-2 at 2. The district court referred the motion to the undersigned for a report and recommendation. 3/29/2012 Order, ECF No. 18. Joe Hand served Defendants with the motion for default judgment by mail. *Id*. at 3. On April 10, 2012, Defendants filed a motion to set aside entry of default and an opposition to Joe Hand's motion for default judgment. *See* Motion to Set Aside Default, ECF No. 19; Defs.' Opp'n, ECF No. 20. On April 12, 2012, the district court also referred Defendants' motion to this court for a Report & Recommendation. 4/12/2012 Order, ECF No. 21. On April 17, 2012, Joe Hand filed a reply in

1 support of its motion for default judgment. ECF No. 22. Finally, on April 23, 2012, Joe Hand filed
2 an opposition to Defendants' motion to set aside default. ECF No. 24.

3 Both Defendants' motion to set aside default and Joe Hand's motion for default judgment are
4 discussed below.

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause." *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). To determine whether a defendant has shown good cause to justify vacating entry of default, a court considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a meritorious defense; and (3) whether reopening the default would prejudice plaintiff. *See id.* (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004)). This standard is disjunctive, meaning the court may deny the request to vacate default if any of the three factors is true. *See id.* (citing *Franchise Holding II*, 375 F.3d at 925). "Crucially, however, '[j]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

The standard to set aside an entry of default is the same standard used to determine whether a default judgment should be set aside under Federal Rule of Civil Procedure 60(b), except that in the Rule 55(c) context, courts have greater discretion and can apply the standard more liberally to grant relief from entry of judgment because there is no interest in the finality of the judgment. *See id.* at 1091 n.1 (citations omitted); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *Hawaii Carpenters' Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). When considering whether to vacate a default under Rule 55(c), the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Fund*, 794 F.2d at 513.

As the party seeking to set aside entry of default, a defendant bears the burden of showing good cause under this test. *Id.* To ensure that cases are decided on the merits whenever possible, the

court resolves any doubt regarding whether to grant relief in favor of vacating default. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

## IV. DISCUSSION

In the next sections, the court addresses the legal standards for the three factors at issue here: (A) Defendants' culpability; (B) any meritorious defense; and (C) prejudice to Joe Hand.

### A. Defendants' Culpability

"'A defendant's conduct is culpable if he has received actual or constructive notice of the filing of an action and *intentionally* failed to answer.'" *Mesle*, 615 F.3d at 1092 (quoting *TCI Group*, 244 F.3d at 697). "Intentionally" means that a movant is not culpable merely for making a conscious choice not to answer. *Id.* (quoting *TCI Group*, 244 F.3d at 697). Instead, to treat a failure to answer as culpable, the movant must act with bad faith, such as with "'an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* (*quoting TCI Group*, 244 F.3d at 697). For that reason, the Ninth Circuit has "'typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.'" *Id.* (quoting *TCI Group*, 244 F.3d at 698). By contrast, a defendant's mere negligent failure to file an answer is insufficient to establish culpability under this factor. *TCI Group*, 244 F.3d at 697.

Here, the *pro se* Defendants' failure to answer or respond to Joe Hand's complaint was the result of ignorance of the law, not bad faith. According to the declaration submitted by Adam Lowry, Defendants, who are married, concede that they received the complaint and reviewed it. Adam Lowry Decl., ECF No. 19, ¶ 3. After reviewing the complaint, Defendants decided to challenge the allegations (which they deny) in court. *Id.* ¶ 4. At that time, they did not understand that, "prior to appearing in court, an answer to the complaint was required first." *Id.* ¶ 5. Once Defendants received Joe Hand's motion for entry of default, they sought legal advice and began drafting their

opposition to Joe Hand's motion.[4]  *Id.* ¶¶ 6-7.  Defendants appeared in court for the Case Management Hearing, only to discover that the hearing had been vacated.  *Id.* ¶ 8; Mot. to Set Aside Default, ECF No. 19 at 2-3.  Defendants state that they intend to challenge Plaintiff's allegations.  Adam Lowry Decl., ECF No. 19 at 5.

Joe Hand suggests in his opposition brief that Defendants' explanation is implausible because the summons served with the complaint "makes it explicitly clear that a response is required, and that failure to respond may result in a default judgment."  Pl.'s Opp'n, ECF No. 24 at 5.  Joe Hand also argues that Defendants should have sought legal assistance upon receiving the complaint, instead of waiting until they received the motion for entry of default.  *Id.* at 6.  Joe Hand characterizes Defendants' delay as an "inconsistency" suggesting "an attempt to manipulate the judicial process."  *Id.*  Finally, Joe Hand suggests that "*Mesle* does not create a more liberal standard for *pro se* litigants; rather, it simply holds that 'intentionality' may not be presumed for an unrepresented party."  *Id.* at 6 (citing *Mesle*, 615 F.3d at 1093).

The court finds no evidence of culpability on this record.  Defendants provide a simple explanation for their error – they thought they could respond to the complaint in person.  The court does not consider Defendants' decision to seek legal advice upon receiving the motion for entry of default to be evidence of manipulation.  To the contrary, such actions seem entirely consistent with Defendants' explanation.  Their attempt to appear at the case management hearing bolsters their explanation.  And by promptly acting to correct their mistake, Defendants demonstrate a good faith attempt to meet their procedural obligations.

Moreover, *Mesle* strongly supports finding Defendants not "culpable" as that term is used in this context.  In *Mesle*, the Ninth Circuit explained that "to treat a failure to answer as culpable, the movant must have acted with bad faith . . . ."  615 F.3d at 1092.  While attempting to manipulate the legal process constitutes bad faith, *id.*, there is no such evidence here.  Given that a bad motive cannot be inferred from Defendants' explanation for their failure to timely answer or respond to Joe

---

[4] The court cannot tell whether Defendants are accurately referring to Plaintiff's motion for entry of default, ECF No. 13, which they did not oppose, or actually mean Plaintiff's motion for default judgment, ECF No. 17, which they did oppose, *see* ECF No. 20.

1  Hand's complaint, and given the Ninth Circuit's forgiving standard for evaluating "culpable

2  conduct," the court finds that Defendants are not culpable for their default.

3       Finally, Joe Hand criticizes Defendants' motion as "asking the court to create a 'one bite at the

4  apple' rule for *pro se* litigants." Pl.'s Opp'n, ECF No. 24 at 6. Under the circumstances of this case,

5  the court agrees with Joe Hand about the effect of Defendant's request. However, a "one bite at the

6  apple" approach nicely sums up the Ninth Circuit's guidance that "a case should, whenever possible,

7  be decided on the merits." *Mesle*, 615 F.3d at 1089 (quoting *Falk*, 739 F.2d at 463.

8  **B. <u>Meritorious Defense</u>**

9       Under the second factor, a defendant seeking to vacate entry of default must allege specific facts

10 that, if true, that would constitute a defense. *See Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244

11 F.3d at 700). The burden on the defendant is "not extraordinarily heavy." *Id.* (citing *TCI Group*,

12 244 F.3d at 700). That being said, a mere general denial without facts to support it is insufficient to

13 justify vacating an entry of default. *Franchise Holdings II*, 375 F.3d at 926.

14      Defendant has put forth specific facts supporting a potentially meritorious defense. Adam

15 Lowry states, under penalty of perjury, that he and his wife "ordered the sporting event in question

16 and viewed the event in our own personal residence, at a private gathering. . . . My wife and I

17 charged no entry fee or any other fees for this private gathering." Adam Lowry Decl., ECF No. 19,

18 ¶¶ 9-10.

19      Joe Hand counters that Defendants fail to meet their burden because they do not "explain *how*

20 this is a meritorious defense." Pl.'s Opp'n, ECF No. 24 at 3-4. Joe Hand characterizes Adam

21 Lowry's declaration as containing only "conclusory statements," which are insufficient to satisfy

22 Defendants' minimal burden. *Id.* Finally, in a footnote, Joe Hand argues that Adam Lowry's

23 version of the facts is "directly refuted" by Plaintiff's private investigator. *Id.* at n.2.

24      Here, Defendants have provided more than a general denial unsupported by facts. They have

25 stated specific *facts* to support their defenses – they need not allege legal *theories* as Joe Hand seems

26 to suggest. And the facts alleged could constitute defenses to the allegations in Joe Hand's form

27 complaint. A cursory review of the complaint suggests that Joe Hand's claims might fail if

28 Defendants can show that they viewed the Program in their private residence, at a private gathering,

1  or if there were no commercial advantage or financial gain involved.  Finally, at this stage of the
2  proceedings, the court need not decide whose facts it believes.  Given that Defendants' burden with
3  respect to this factor is "not extraordinarily heavy," *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244
4  F.3d at 700), the court finds that they have set forth meritorious defenses to support their motion to
5  set aside their default.

## C. Prejudice to Plaintiff

The final factor examines whether setting aside the default prejudices the plaintiff.  Prejudice is more than "simply delaying the resolution of a case.  Instead, the standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *TCI Group*, 244 F.3d at 701 (internal quotations omitted).  "[T]he delay must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id*.  By contrast, merely requiring a plaintiff to litigate the merits of a case is not prejudice under this third prong. *Id*.  As the Ninth Circuit explains, "[a] default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation." *Id*.

Defendants argue that Joe Hand will not be prejudiced by their failure to timely answer or respond, particularly where it did not file suit until a year after the Program aired.  Mot. to Set Aside Default, ECF No. 19 at 4.  In addition, Defendants argue that setting aside default would not increase the risk of lost evidence or the difficulty of discovery and suggest that their "good faith efforts to defend this case on the merits" indicate setting aside the default would not increase the risk of fraud or collusion. *Id.*  In response, Joe Hand argues that Defendants have not met their burden, and states (without factual support) that Defendants "acted in concert," which "suggests a greater opportunity for fraud or collusion." Pl.'s Opp'n, ECF No. 24 at 8.

Given the scant record, the court finds Defendants' arguments sufficiently compelling. Defendants point out that the Program aired in December 2010. *See* Compl., ECF No. 1, ¶ 10.  Joe Hand did not serve Defendants until January 25, 2012. *See* Proof of Service, ECF Nos. 5-6. Accordingly, Defendants were required to serve a responsive pleading by February 15, 2012, but they did not file until April 10, 2012. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  Given this timeline, the

court cannot identify any prejudice to Joe Hand. Nor has Joe Hand shown that he has been prejudiced by Defendants' failure to timely answer or respond to his complaint. At worst, Defendants' misunderstanding has delayed the prosecution of Joe Hand's case by less than two months. As noted above, such delay does not prejudice Joe Hand, as it has not hindered its ability to pursue its claims.

## V. CONCLUSION

Based on the foregoing, the court RECOMMENDS that the district court grant Defendants' motion to set aside their default and, because Defendants are no longer in default, deny Joe Hand's motion for default judgment. *See*, *e.g.*, *Solar Liberty Energy Sys., Inc. v. Suacci*, 2011 U.S. Dist. LEXIS 130583, at *5-6, 15 (S.D. Cal. Nov. 10, 2011) (granting defendant's motion to set aside default and summarily denying plaintiff's motion for default judgment). Pursuant to Fed. R. Civ. P. 72(b)(2) a party may serve and file objections to the Report and Recommendation fourteen (14) days after being served.

This disposes of ECF Nos. 17, 19.

**IT IS SO ORDERED.**

Dated: July 30, 2012

LAUREL BEELER
United States Magistrate Judge

C 11-06162 JSW (LB)
REPORT & RECOMMENDATION

9